OPINION
On February 11, 1999, a vehicle being driven by appellee, Allen Shuttleworth, and an ambulance were involved in a traffic accident at the intersection of U.S. Route 33 and Ford Street (fka Old Logan Road). This intersection is outside the city limits of Lancaster, Ohio. Lancaster City Police Officer W. C. Tolly arrived on the scene and conducted an investigation. Officer Tolly cited appellee for failure to yield to a public safety vehicle in violation of R.C. 4511.45(A)(2). A trial commenced on April 9, 1999. The state presented the testimony of Richard Marks, assistant city engineer for the City of Lancaster Department of Engineering. Mr. Marks testified to the municipal boundary lines around the intersection. At the completion of Mr. Marks's testimony, appellee moved for dismissal for lack of jurisdiction. By journal entry filed April 14, 1999, the trial court granted said motion for the reason the accident occurred outside the city limits and as such, Officer Tolly did not have jurisdiction to cite appellee. Appellant, the State of Ohio, filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT INCORRECTLY APPLIED THE LAW WHEN IT FOUND THAT THE LANCASTER POLICE HAD NO JURISDICTION TO CITE THE DEFENDANT.
 I
Appellant claims the trial court erred in dismissing the complaint. We agree. The gravamen of this appeal is whether a city police officer can cite an individual for a minor misdemeanor traffic offense that occurred outside the territorial jurisdiction of the city but immediately adjacent to the city line. R.C.2935.03(E)(1) and (3) set forth the conditions when an officer may arrest and detain a person: (1) A sheriff or deputy sheriff may arrest and detain, until a warrant can be obtained, any person found violating section 4503.11, 4503.21, or 4549.01, sections4549.08 to 4549.12, section 4549.62, or Chapter 4511. or 4513. of the Revised Code on the portion of any street or highway that is located immediately adjacent to the boundaries of the county in which the sheriff or deputy sheriff is elected or appointed. (3) A police officer or village marshal appointed, elected, or employed by a municipal corporation may arrest and detain, until a warrant can be obtained, any person found violating any section or chapter of the Revised Code listed in division (E)(1) of this section on the portion of any street or highway that is located immediately adjacent to the boundaries of the municipal corporation in which the police officer or village marshal is appointed, elected, or employed.
State's Exhibit 1, a map of the area in question, establishes the municipal boundary line runs "adjacent to the right-of-way on the east side of US Route 33, and then cutting across US Route 33 along the northern portion of the intersection in which this accident occurred." Appellant's Brief at 2. Mr. Marks testified the municipal boundary line is adjacent to the right-of-way for U.S. 33 in the area in question. T. at 12-14. In a previous case, this court has held adjacent can pertain to a lane of travel where the centerline of the roadway is the village boundary line. See, State v. Boerner (August 31, 1998), Stark App. No. 1998CA00099, unreported. Further, R.C. 2935.26 permits the issuance of a citation for a minor misdemeanor "when a law enforcement officer is otherwise authorized to arrest a person." R.C. 2935.03(E)(1) and (3) permit an "arrest" by an officer in a location immediately adjacent to the boundaries of the officer's jurisdiction. R.C.2935.26 permits the issuance of a citation when R.C. 2935.03(E)(1) and (3) are fulfilled. Based upon the foregoing, we find Officer Tolly had jurisdiction to cite appellee. The trial court erred in dismissing the charge. The sole assignment of error is granted. The judgment of the Lancaster Municipal Court of Fairfield County, Ohio is hereby reversed. By Farmer, J. Wise, P.J. concur. Hoffman, J. dissents.